■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIETRA JULYE, Appellant.—Appeal by defendant, as limited by her motion, from a sentence of the County Court, Nassau County, imposed September 8, 1977, upon her conviction of grand larceny in the third degree, upon her plea of guilty, the sentence being an intermittent term of imprisonment of 60 days and probation for a period of four years and 10 months, on conditions, *inter alia,* that she make restitution in the amount of $8,584.86, "in such manner as shall be determined by the Nassau County Probation Department", and undergo psychiatric treatment. Sentence modified, as a matter of discretion in the interest of justice, by (1) reducing it to a period of probation for five years on conditions that defendant make restitution and undergo psychiatric treatment and (2) deleting therefrom the provision that the probation department determine the manner of making restitution. This case is remitted to the County Court to fix the amount and manner of making restitution (see *People v Thigpen,* 60 AD2d 860), the remaining conditions of probation, and for further proceedings pursuant to CPL 460.50 (subd 5). Defendant has been employed as a nurse's aide since 1971. From September, 1971 to May, 1975, however, she received public assistance although she was gainfully employed. Upon her plea of guilty to grand larceny in the third degree, defendant was sentenced to 60 days' imprisonment, to be served intermittently, on weekends, and probation for four years and 10 months. Defendant was directed to make restitution and to undergo psychiatric therapy. The sentence relating to restitution provided: "[You are] to make restitution in the amount of $8,584.86 in such manner as shall be determined by the Nassau County Probation Department." The defendant asserts that she will lose her position if she is jailed on weekends since she must work on alternate weekends. Noting that defendant will be making restitution and needs her position to support her children, we reduce the sentence to one of five years' probation, on conditions that defendant make restitution and undergo psychiatric therapy. We also note that defendant is supporting two children, ages 7 and 10, under difficult circumstances. It is further asserted that the court should have determined the amount of restitution due and its manner of payment. Section 65.10 (subd 2, par [f]) of the Penal Law provides that a court, upon imposing a sentence of probation, may direct a defendant to make restitution of the fruits of the offense or make reparation, based upon ability to pay, for the loss or damage caused thereby. When either restitution or reparation is a condition of the sentence, the court must fix the amount thereof and the manner of performance *(People v Thigpen,* 60 AD2d 860, *supra).* Gulotta, J. P., Shapiro, Cohalan and Hawkins, JJ., concur.