■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK R. S., Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Stroebel, J.), imposed June 22, 1982, after his conviction of two counts of attempted burglary in the second degree, on his plea of guilty and sentencing him, upon his adjudication as a youthful offender, to 60 days' imprisonment in the county jail, five years' probation, and directing him to make restitution of $2,400 to certain of the crime victims and to make restitution to another victim in an amount to be determined by the Suffolk County Probation Department. Sentence modified, on the law, by deleting the provisions directing the defendant to make restitution in the amount of $2,400 to the victims Moccio and delegating to the Probation Department the authority to determine the amount, time and manner of payment of restitution to the victim Davis. As so modified, sentence affirmed and matter remitted to the County Court, Suffolk County, for a hearing to determine the proper amount of restitution and the manner of performance thereof. With commendable candor the People concede that insufficient facts exist in the record to substantiate the special condition of restitution imposed by the sentencing court and that it is the sentencing court and not the Probation Department which must fix the amount and method of payment of the restitution (*People v Fuller,* 57 NY2d 152; *People v Clougher,* 95 AD2d 860). Accordingly, the matter is remitted to the sentencing court for the purposes of conducting a hearing and making findings as to the fruits of the offenses or the loss or damage incurred by the victims who are to receive the restitution. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.