OPINION OF THE COURT
Allan L. Winick, J.
Defendant moves, pursuant to CPL 440.20. to set aside the sentence imposed upon his adjudication as a youthful' offender. Such adjudication followed his plea of guilty to the crimes of attempted burglary in the second degree and criminal trespass in the second degree.
To better understand the court’s determination, it is necessary to explain the context in which this application arose.
The defendant, having been adjudicated a youthful offender, was on April 18, 1980, sentenced as such to probation for a term of five years with a special condition of 20 days in the Nassau County Correctional Center. Other conditions were imposed, including a direction to make restitution as directed by the Probation Department.
Subsequently, on October 4,1983, defendant was charged with a violation of the terms of probation, including a *252 charge that defendant failed to make restitution as directed by the Probation Department.
A hearing was conducted by this court when defendant pleaded “not guilty” to the charges.[2]
In the midst of the hearing, it appeared from the testimony of a probation officer called as a witness by the People, that the terms of restitution had been adjusted by the Probation Department sometime during the probation period. This prompted the court to read the sentencing minutes and the following was the pertinent part of the sentence imposed, as revealed by the minutes: “As a special term and condition of the probation on which you have been placed by this court, you will make restitution in the amount and the time and manner as determined by the Probation Department of the County of Nassau.”
The court was of the opinion that the sentence was not valid or lawful and adjourned the hearing to give both sides an opportunity to explore that question and also what the effect on the present proceeding would be if the sentence was not valid or lawful.
The precise focus of the apparent invalidity was that part of the sentence which directed restitution, “in the amount and the time and manner as determined by the Probation Department of the County of Nassau.”
The defendant has now moved to set aside that sentence pursuant to CPL 440.20 on the basis that the sentence was unauthorized, illegally imposed or otherwise invalid.
The issues which the court must now determine are as follows:
1. Was the sentence imposed upon defendant unauthorized, illegally imposed or otherwise invalid as a matter of law because the determination of how restitution was to be made was left to the Probation Department?
2. If it was invalid, does the entire sentence fall or only that part relating to restitution?
3. If the sentence need only be modified, rather than set aside in its entirety, can the defendant be found guilty of *253 violations of the terms of probation not relating to the question of restitution?
4. If the sentence is vacated in its entirety, does the resentence relate back to the date of imposition of the vacated sentence so that the defendant may still be found guilty of those charges of violation of the terms of probation not relating to restitution?
5. If the defendant is resentenced is he entitled to credit for the time served on the invalid sentence including the period of probation?
The sentence to be imposed upon the defendant when adjudicated a youthful offender was any sentence applicable to conviction of an E felony. (Penal Law, § 60.02, subd [2].)
The sentence imposed was encompassed in those applicable to E felonies on its surface but was, nevertheless, invalid because, on the subject of restitution, the court must fix the terms of restitution and may not delegate that authority to the Probation Department. (People v Fuller, 57 NY2d 152; People v Julye, 64 AD2d 614; People v Thigpen, 60 AD2d 860; Penal Law, § 65.10, subd 2, par [g].)[3]
The People candidly concede that the sentencing court was in error in delegating that authority to the Probation Department.
The People, however, contend that the sentence need only be modified to fix the amount and terms of restitution and that the defendant may be found guilty of the violations of the terms of probation not involving restitution. In other words, the District Attorney asserts that the sentence was severable.
The court does not agree.
In People v Julye (supra), the appellate court in modifying the defendant’s sentence, in effect invalidated the prior sentence, imposed restitution but directed the trial court to fix the terms of restitution. Thus the court did not affirm part of a sentence and remit to fix restitution, rather, it changed the entire sentence.
*254 Likewise, in People v Thigpen (supra), the appellate court remanded for resentencing after reversing the sentence imposed by the trial court to fix the manner of performance as well as to make findings as to the amount of restitution.
Contrary to the contention of the District Attorney, there is no suggestion in People v Minaya (54 NY2d 360) that an invalid sentence can be modified in part, relating only to the invalid part of a sentence. Quite the contrary, where an invalid sentence is imposed, the entire sentence is void and the defendant must be resentenced according to the law. (See People v Harrington, 21 NY2d 61, 64; see, also, dissenting opn of Jasen, J., in People v Yannicelli, 40 NY2d 598, 603.)
In Minaya (supra), the trial court at sentencing, intending to honor a plea agreement of imprisonment for a period of zero to eight years, mistakenly sentenced defendant for a period of zero to three years, after acknowledging his adherence to the plea bargain. The Court of Appeals reversed the order of the Appellate Division, affirming the sentence of zero to three years to allow the trial court to correct the error. The court stated that CPL 430.10 refers to limitations on the court’s power to change a valid sentence once service of the term has started but does not prohibit mere correction of an error. The dissent terms what the majority did as not merely correcting a clerical error, but does not disagree that only clerical errors can be corrected, otherwise holding that the limitation of CPL 430.10 applies to that case.
The District Attorney argues that the language oí Minaya (supra) supports the proposition that this court can correct an “erroneous sentence.” However, that is not the problem confronting this court inasmuch as “erroneous” and “unauthorized, illegally imposed or otherwise invalid” are not synonymous. Furthermore, the footnote to which the District Attorney refers is in the dissenting opinion of Judge Meyer in Minaya (supra), and cannot, in any event, be taken as giving any indication at all that the sentence could be modified in part.
The cases cited by the District Attorney, People v Wright (56 NY2d 613), People v Fournier (85 AD2d 742), and *255 People v White (88 AD2d 940), similarly involve ministerial errors and not the validity of the sentence.
In People v Yannicelli (supra), which involved a situation closely resembling the instant case, the Court of Appeals implicitly recognized that an order to resentence invalidates the previous sentence and not merely selected portions of the sentence. In Yannicelli, two defendants were sentenced on their pleas of guilty to two indictments, one dated 1969 and one 1970, to imprisonment and to payment of a fine on one indictment and a concurrent term of imprisonment on the second indictment. The People objected to the sentence and appealed contending that the sentencing court was obligated to conduct a hearing for determination of the defendants’ gain prior to imposition of the fine. The Appellate Division agreed and reversed the trial court because the failure to hold the hearing invalidated the sentences as a matter of law and remanded for resentencing. The Court of Appeals affirmed without opinion.
Upon resentencing, the court did not impose the fines, rather, it increased the defendants’ sentences of incarceration. Defendants, having already served their original terms of incarceration, objected on double jeopardy grounds and appealed to the Appellate Division which reversed the trial court on the double jeopardy claim and reduced the sentences to time served.
The Court of Appeals reversed, holding that once a court has imposed a sentence of imprisonment and such sentence is legal, it may not be changed, suspended or modified. Since the original order to resentence was directed only to the defective portion of the sentence on one of the two counts, the trial court was not authorized to increase the valid and previously imposed sentence of incarceration.
The Court of Appeals reversed, but as to the sentence on one indictment only. As to the 1970 indictment, it concluded that the Appellate Division was correct in reducing the term of imprisonment to time served, not on a double jeopardy basis, but because the trial court, having imposed a valid sentence on that indictment (the fine was connected *256 to the 1969 indictment), and service of the sentence of imprisonment having commenced, it could not be changed. (CPL 430.10.)
As to the 1969 indictment, however, the sentence originally imposed, a fine and imprisonment, was invalid because no hearing was held to determine the fine (Penal Law, § 80.00; CPL 400.30). The Court of Appeals thus directed that the defendants “[S]hould be resentenced on the 1969 count but solely in order to correct the defect found on the earlier appeal.” (People v Yannicelli, 40 NY2d, at p 602.)
In other words, the defendants would be resentenced but without increasing the jail term, at the same time imposing the fine after a hearing.
The dissent essentially evolves around the question of whether on resentence the defendants could be jailed for an additional period.
Semantics notwithstanding, both the majority and the dissent agree that the defendants would have to be resentenced in toto. The majority merely directs that there be no change in the part of the sentence imposing imprisonment.
Although one might glean from Yannicelli (supra) that the Court of Appeals was suggesting that a sentence could be partly valid and partly invalid, there is no justification for assuming that a resentence is not a completely new sentence, correcting or replacing the erroneous part.
When applied to the case at bar, this court must then accordingly set aside the complete original sentence, reimpose those portions which were proper and correct those which are invalid.
Moreover, CPL 440.20 itself is entitled, “Motion to set aside sentence; by defendant.” It does not bespeak setting aside a part of a sentence or modifying a sentence. If this court determined it had the right simply to change the erroneous part of the sentence, the sentence would then have been pronounced by two different Judges of coordinate jurisdiction, at different times, each sharing a portion of the task. This result was never intended, as the District Attorney suggests it was.
*257 It should be noted that CPL 440.40 gives the People the right to move to set aside a sentence which is invalid as a matter of law. While it is true that such right must be exercised within one year after the entry of judgment, the right did exist.[4] At the time the invalid sentence was pronounced in this case, the Appellate Division in this Second Department had already determined in at least two other cases that a sentence leaving to the Probation Department the fixing of the terms of restitution was unlawful. (See People v Julye, supra; People v Thigpen, supra.) Therefore, the decision of the Court of Appeals in People v Fuller (supra), which cited Julye and Thigpen with approval, even though postdating the sentence in the case at bar, did not change the law nor represent a startling reversal.
If the People had moved expeditiously to have the defendant resentenced promptly, this court would not now be faced with a hearing to determine if the terms of probation were violated three years after sentence was pronounced and finding that the sentence itself was invalid, so that whatever violations occurred, serious or not, cannot be considered. Simply put, the defendant cannot be guilty of violating the conditions of his probation when such conditions were attached to an invalid sentence. While the sentence relatés to a conviction some years old and replaces a sentence then imposed, it is a new sentence and the old one is vacated and set aside. (CPL 440.20.) It no longer exists. Therefore, the defendant cannot be guilty of violating terms of probation attached to a sentence which no longer exists.
The motion to vacate the sentence heretofore pronounced by Judge Doolittle is granted and is hereby vacated and set aside. The defendant is directed to appear for resentencing on April 26, 1984, before this court at 9:30 a.m., at which time this court will take into account, and credit defendant for the time served on the invalid sentence including the period of probation. At the same time the parties shall be prepared to go forward with a hearing to determine the amount of restitution and the manner in which it shall be *258 paid, taking into account amounts already paid. When the adjourned hearing appears on the calendar, the alleged violations of the conditions of probation will be dismissed.

. The sentence was imposed by a District Court Judge temporarily assigned to the County Court. Since he was not assigned to the County Court when the case was calendared, it was submitted to me for adjudication.

. The section was, at the time of sentence, section 65.10 (subd 2, par [f]) of the Penal Law.

. CPL 440.20 (subd 1) places no such time limitation on the defendant’s right to move to have the sentence set aside. It can be done “At any time after the entry of a judgment”.