■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MINUTOLI, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Delin, J.), imposed January 7, 1985, upon his plea of guilty to robbery in the third degree (two counts), the sentence being two concurrent terms of 3½ to 7 years' impris-

onment, and the requirement that the defendant make restitution in the amount of $5,358, $2,189 to the Chemical Bank in Wantagh and $3,169 to the Fidelity Bank in Lynbrook, payment to be made "if, how and when [the Department of Probation] can decide you can pay it".

Ordered that the sentence is modified, as a matter of discretion in the interest of justice, by deleting the provision that the Department of Probation shall determine the manner of making restitution. As so modified, the sentence is affirmed, and the matter is remitted to the County Court, Nassau County, for a determination by the sentencing court of the manner in which the defendant shall make restitution.

Penal Law § 60.27 (1) provides that a court, when imposing a sentence, may require a defendant to make restitution of the fruits of his offense. When restitution is required, the court must fix not only the amount thereof but also the manner of performance (see, People v Fuller, 57 NY2d 152; People v Julye, 64 AD2d 614; People v Thigpen, 60 AD2d 860). As the sentencing court here delegated that duty to the Department of Probation, remittitur is required so that the sentencing court may determine the manner in which the defendant shall make restitution.

We have considered the defendant's other contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and Kunzeman, JJ., concur.