■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DEFRANCESCO, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Rockland County (Nelson, J.), rendered March 24, 1987, adjudging him, after a hearing, to be in violation of the restitution provisions of a sentence of probation imposed by a judgment of the County Court, Westchester County, rendered June 27, 1984, and imposing a sentence of imprisonment.

Ordered that the amended judgment is reversed, on the law and as an exercise of discretion in the interest of justice, the charge of violation of probation is dismissed, and probation is reinstated; and it is further,

Ordered that the provision of the judgment rendered June 27, 1984, to the effect that restitution should be made pursuant to a schedule set by the Probation Department is vacated, and in accordance with CPL 410.80 (2) the matter is remitted to the County Court, Rockland County, to fix the manner of restitution and to specify the date when restitution is to be paid in full.

The defendant pleaded guilty to offering a false instrument for filing in the first degree and was sentenced on June 27, 1984 to five years' probation on condition that he make restitution of $25,000 to the State pursuant to a schedule set by the Probation Department. He was convicted of a violation of probation in March 1987 after failing to make the scheduled payments.

Although the evidence was sufficient to establish a violation of probation, the amended judgment should be reversed because the underlying judgment on which the violation was based is invalid. The original sentencing court improperly delegated to the Probation Department the authority to determine the manner of restitution and failed to set a date prior to the expiration of probation when restitution must be paid in full *(see, People v Fuller,* 57 NY2d 152; *People v Mark R. S.,*

98 AD2d 755; *People v Julye,* 64 AD2d 614; *People v Maurice K.,* 123 Misc 2d 251; Penal Law § 65.10 [2] [g]).

Under these circumstances, corrective action may be taken in the interest of justice, even though the defendant failed to appeal directly from the judgment of conviction, because of the "essential nature" of the right to be sentenced as provided by law *(see, People v Fuller, supra,* at 156). The matter is remitted to the County Court, Rockland County, for further proceedings in accordance with Penal Law § 65.10 (2) (g) (CPL 410.70 [5]). In view of this determination, we do not reach the defendant's remaining contentions. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.