*186 OPINION OF THE COURT
Memorandum.
Amended judgment of conviction unanimously modified as a matter of discretion in the interest of justice by directing that defendant be credited with previous probation time served and, as so modified, affirmed.
Defendant’s ex-wife obtained a Family Court order of protection which directed, inter alia, that he have no contact with his son. However, defendant subsequently approached his son and attempted to talk to him. Based on this conduct, he was charged with violating the order of protection in both the Justice and Family Courts. In March 1999, the violation pending in Family Court, along with the underlying family offense petition, was resolved by a stipulation of settlement. Defendant made no admissions and a permanent order of protection was issued against him. In September 1999, defendant pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50 [3]) in the Justice Court, and received a three-year term of probation upon his resentence thereon. Defendant now appeals from his resentencing and contends, inter alia, that his guilty plea in Justice Court violated the Double Jeopardy Clause since the Family Court had previously “punished” him for the same offense.
Upon a review of the record, we find that the Family Court proceeding did not amount to a prosecution, defendant was not convicted of any offense therein and the permanent order of protection issued by that court did not amount to punishment. Consequently, double jeopardy has no application (cf. People v Wood, 95 NY2d 509 [2000]).
It is conceded that the court below improperly failed to specify the conditions of defendant’s probation and provide him with a written copy thereof at his resentencing on September 12, 2001. However, the court informed defendant that the conditions of his original sentence, which were provided to him at his June 12, 2000 sentencing, would be imposed and the written conditions were subsequently provided to defendant, which defendant signed and returned to the court. Consequently, defendant had notice of the precise conditions of his probation and the failure of the court to strictly comply with the requirements of CPL 410.10 (1) does not necessitate vacatur of his resentence (see e.g. People v Bernstein, 163 AD2d 842 [1990]; People v Nazarian, 150 AD2d 923 [1989]). In addi *187 tion, defendant’s resentence is not invalid simply because the order of probation incorrectly stated that defendant’s probation term expired in September 2001. It is well settled that a court may correct its own mistakes, and the record indicates that the court corrected its mistake by amending the order to reflect that defendant’s probation term expires in September 2004 and forwarded a copy of the amended document to defense counsel (see Matter of Kisloff v Covington, 73 NY2d 445, 450 [1989]; People v Wright, 56 NY2d 613 [1982]; People v Minaya, 54 NY2d 360 [1981]).
Inasmuch as defendant has already served probation time on his previous invalid sentence, he should be credited with such time on his resentence (see People v Maurice K., 123 Misc 2d 251 [1984]).
Floyd, P.J., Doyle and Colabella, JJ., concur.