■ In the Matter of EDDIE WAY, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [790 NYS2d 248]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered February 5, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of personal jurisdiction.

Petitioner commenced this CPLR article 78 proceeding challenging a determination denying him good time allowance. Because petitioner failed to timely serve the Attorney General with a signed order to show cause, Supreme Court dismissed the petition for lack of personal jurisdiction. Petitioner maintains that he complied with the technical requirements of the order because he previously had served the Attorney Gen-

eral with an unsigned order to show cause and then, when realizing his mistake after the date set forth in the order, served an executed order to show cause on the Attorney General. Nevertheless, an unexecuted order to show cause has no legal effect (*see People ex rel. Watson v Walsh*, 7 AD3d 850 [2004]; *Matter of Elufe v Parrott*, 6 AD3d 856 [2004]; *Matter of Green v Selsky*, 257 AD2d 909 [1999]; *Matter of Mabry v Coombe*, 251 AD2d 801 [1998]) and petitioner has failed to demonstrate that his incarceration presented an obstacle to the service requirements which prevented him from complying with the directives set forth in the order (*see Matter of Green v Duncan*, 10 AD3d 743 [2004], *lv denied* 4 NY3d 701 [2004]). Supreme Court's judgment dismissing the petition for lack of personal jurisdiction is, accordingly, affirmed.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.