■ In the Matter of LARRY DAVIS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 591]—

Appeals (1) from a judgment of the Supreme Court (LaBuda, J.), entered February 18, 2004 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition, (2) from a judgment of said court, entered April 5, 2004 in Sullivan County, which denied petitioner's motion for reargument, and (3) from a judgment of said court, entered June 24, 2004 in Sullivan County, which denied petitioner's motion for renewal.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating certain

prison disciplinary rules. Supreme Court granted respondent's motion to dismiss the petition for lack of personal jurisdiction due to petitioner's failure to timely serve respondent and the Attorney General as directed in the order to show cause. Petitioner's subsequent motions to reargue and to renew were denied, and he now appeals from all three adverse decisions.

Petitioner's failure to comply with the service directives set forth in the order to show cause requires dismissal of the petition for lack of personal jurisdiction (*see Matter of Way v Goord*, 15 AD3d 741, 741 [2005]; *Matter of Vera v Goord*, 13 AD3d 994, 994 [2004]). While the procedural requirements may be relaxed upon a showing that prison presented an obstacle beyond an inmate's control (*see Matter of McCorkle v Beaver*, 16 AD3d 715, 715 [2005]; *Matter of Green v Duncan*, 10 AD3d 743, 744 [2004], *lv denied* 4 NY3d 701 [2004]), petitioner's assertion that correction officers improperly withheld certain documents from him is unsupported by the record.

Petitioner's appeal from Supreme Court's judgment denying his motion to reargue must be dismissed as the denial of such motion is not appealable (*see Matter of James v New York State Bd. of Parole*, 15 AD3d 774, 774 [2005]; *Matter of Ruiz v Kuhlmann*, 268 AD2d 621, 621 [2000]). Finally, inasmuch as petitioner failed to allege new or material facts which were previously unknown to him but, rather, cites correction officer misconduct to excuse his failure to timely serve the Attorney General, Supreme Court properly denied his motion to renew (*see Matter of Luchey v State of N.Y., Dept. of Police*, 253 AD2d 913, 913 [1998]; *Matter of Brady v Executive Dept., Div. of Parole*, 114 AD2d 659, 660 [1985]).

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgments entered February 18, 2004 and June 24, 2004 are affirmed, without costs. Ordered that the appeal from the judgment entered April 5, 2004 is dismissed, without costs.