■ In the Matter of REUBEN AVENT, Appellant-Respondent, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent-Appellant. [895 NYS2d 561]—

Cross appeals from a judgment of the Supreme Court (Zwack, J.), entered February 9, 2009 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Correctional Services calculating petitioner's prison sentence, and ordered that petitioner be resentenced.

Petitioner was sentenced in 2001 as a second felony offender to a controlling prison term of 15 years upon his conviction of several counts of robbery and criminal possession of a weapon. Neither the sentence and commitment orders nor the sentencing minutes made any mention of the manner in which this sentence was to run relative to petitioner's prior undischarged prison term or of any period of postrelease supervision. The Department of Correctional Services treated petitioner's 2001 sentence as running consecutively to his prior undischarged term and, further, imposed the mandatory five-year period of postrelease supervision (*see* Penal Law § 70.45 [2]). Petitioner then commenced this CPLR article 78 proceeding to challenge his overall sentencing calculation. Supreme Court partially granted petitioner's application, annulled the sentencing computation and, as to the issue of postrelease supervision, ordered that petitioner be resentenced pursuant to Correction Law § 601-d. Respondent appeals, contending that calculating petitioner's sentences consecutively was entirely proper, and petitioner cross-appeals, alleging various infirmities relative to the ordered resentencing.

As to the imposition of consecutive sentences, where a sentencing court is mandated by statute to impose a consecutive sentence, it is deemed to have imposed the consecutive sentence required by law—even in the absence of an express judicial directive to that effect (*see People ex rel. Gill v Greene*, 12 NY3d

1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *Matter of Livingston v James*, 66 AD3d 1096, 1097 [2009]; *Matter of Dalton v James*, 66 AD3d 1095, 1096 [2009]). Inasmuch as petitioner was sentenced in 2001 as a second felony offender and, therefore, was subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a), we discern no error in the computation of this aspect of his sentence (*see Matter of Hunt v Fischer*, 66 AD3d 1105, 1106 [2009]).

Turning to petitioner's cross appeal, the Attorney General advises this Court that petitioner was resentenced under Correction Law § 601-d in April 2009. Inasmuch as the challenged resentencing already has occurred, petitioner's cross appeal is moot (*see People v Clayton*, 38 AD3d 1131, 1131-1132 [2007], *lv denied* 9 NY3d 841 [2007]), and any arguments regarding the sentencing court's jurisdiction and the constitutionality of Correction Law § 601-d are best addressed in the context of an appeal from the resentencing order (*see e.g. People v Hernandez*, 59 AD3d 180 [2009], *lv granted* 12 NY3d 817 [2009]).

Mercure, J.P., Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted that part of petitioner's application seeking to annul his consecutive sentencing calculation; petition dismissed to that extent; and, as so modified, affirmed. Ordered that the cross appeal is dismissed, as moot, without costs.