Lahtinen, J.
Appeals (1) by permission, from an order of the County Court of Sullivan County (LaBuda, J.), entered March 18, 2011, which denied defendant’s motion pursuant to CPL 440.20 to set aside the sentence following his conviction after a nonjury trial of the crimes of burglary in the second degree (three counts), petit larceny (three counts), grand larceny in the fourth degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, without a hearing, and (2) from a judgment of said court, rendered June 28, 2012, which resentenced defendant following said conviction.
In December 2002, defendant unlawfully entered three residences in Sullivan County and stole various items ranging *1074 from jewelry and cash to a loaded pistol. He was charged in a 10-count indictment and, after a nonjury trial, found guilty of all counts. County Court sentenced him, as a second violent felony offender, to an aggregate prison term of 25 years plus postrelease supervision, and we affirmed (13 AD3d 813 [2004], lv denied 4 NY3d 836 [2005]). Defendant later moved pursuant to CPL 440.20 to set aside his sentence upon the ground that the New Jersey conviction used to elevate him to a second violent felony offender was not the equivalent of a New York felony. County Court denied the motion in March 2011 and defendant appeals from that order by permission.
While the appeal was pending, the People acknowledged that defendant had been incorrectly sentenced as a second violent felony offender and, therefore, he was resentenced in June 2012 by County Court without enhancement for prior convictions. The prison terms were shortened for some counts, but County Court sentenced defendant to 15 years in prison on count 1 (burglary in the second degree) and a consecutive prison term of 10 years on count 3 (burglary in the second degree committed in a different residence), for an aggregate prison term of 25 years plus postrelease supervision. Defendant also appeals from this judgment.
The appeal from the March 2011 order denying defendant’s CPL 440.20 motion is moot. After that motion was denied, the People acknowledged the merit of the sentencing error asserted by defendant regarding his status as a second violent felony offender and he has since been resentenced by County Court (see People v Clayton, 38 AD3d 1131, 1131-1132 [2007], lv denied 9 NY3d 841 [2007]; see also Matter of Avent v Fischer, 70 AD3d 1145, 1146 [2010]).
Defendant argues that the prison term imposed at resentencing must be reduced pursuant to Penal Law § 70.30 (1) (e) (i) to an aggregate of 20 years. The aggregate maximum sentence is deemed to be in accordance with the pertinent statutory sentencing provisions (see People v Moore, 61 NY2d 575, 578 [1984]; People v Haque, 70 AD3d 967, 968 [2010], lv denied 15 NY3d 750 [2010], cert denied 562 US —, 131 S Ct 903 [2011]; People v Brown, 62 AD3d 1089, 1093 [2009], lv denied 13 NY3d 742 [2009]; People v Ogborn, 55 AD3d 1054, 1056 [2008], lv denied 12 NY3d 761 [2009]), and the public website of the Department of Corrections and Community Supervision (http:// www.doccs.ny.gov) reflects that defendant’s sentence has, in fact, been adjusted accordingly.
We find unpersuasive defendant’s contention that his sentence was harsh and excessive. He had an extensive criminal record, *1075 faced potentially three consecutive sentences for the three burglaries, the sentence imposed was within the range the People had indicated that they would recommend at the time of the nonjury trial, and defendant showed no remorse for his crimes. County Court did not abuse its discretion and there are no extraordinary circumstances meriting a reduction of the sentence (see People v Merchant, 79 AD3d 1526, 1526-1527 [2010]; People v Brown, 62 AD3d at 1093; People v Battistini, 306 AD2d 636, 639 [2003], lv denied 1 NY3d 568 [2003]). Defendant’s remaining arguments are unavailing.
Peters, RJ., Stein and Spain, JJ., concur.
Ordered that the appeal from the order entered March 18, 2011 is dismissed, as moot. Ordered that the judgment rendered June 28, 2012 is affirmed.