Matter of Encarnacion v Lamanna (2019 NY Slip Op 08750)





Matter of Encarnacion v Lamanna


2019 NY Slip Op 08750


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

527903

[*1]In the Matter of Bernabe Encarnacion, Appellant,
v
James M. Lamanna, as Superintendent of Shawangunk Correctional Facility, Respondent.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Bernabe Encarnacion, Attica, appellant pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.


Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered October 17, 2018 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules and (2) a determination of the Department of Corrections and Community Supervision calculating petitioner's sentence.
Petitioner is currently serving a lengthy prison sentence for multiple crimes that he committed in 1991 and 1998. While incarcerated, he was found guilty after a tier II prison disciplinary hearing of violating certain prison disciplinary rules and, on December 14, 2017, the determination was affirmed on administrative appeal. On May 23, 2018, petitioner commenced this CPLR article 78 proceeding challenging the prison disciplinary determination as well as an unrelated determination calculating his sentence. Following joinder of issue, Supreme Court concluded that petitioner's challenge to the prison disciplinary determination was time-barred and that his challenge to the sentence calculation was without merit. Accordingly, it dismissed the petition. Petitioner appeals.
Initially, the Attorney General has advised this Court that, during the pendency of this appeal, an amended sentence and commitment order for petitioner's 1991 sentence was issued, resulting in an aggregate sentence of 27 years to life. Based on the amended order, the Department of Corrections and Community Supervision revised its time computation such that the term of petitioner's 1991 sentence, which runs consecutively to the 1998 sentence of 25 years to life, results in a new aggregate sentence of 52 years to life. Inasmuch as the petition challenged the previous sentence calculation, which resulted in an aggregate sentence of 65 years to life, the Attorney General contends, and we agree, that petitioner's claim with respect thereto is now moot (see Matter of Avent v Fischer, 70 AD3d 1145, 1146 [2010]; see also People v Sparks, 105 AD3d 1073, 1074 [2013], lv denied 21 NY3d 1010 [2013]).
Turning to petitioner's challenge to the prison disciplinary determination, the record discloses that he did not formally commence this CPLR article 78 proceeding until May 23, 2018, when the verified petition and supporting papers were filed with the Ulster County Clerk. The statute of limitations for challenging a prison disciplinary determination is four months from the date that it becomes final and binding on the petitioner (see CPLR 217 [1]; Matter of Gillard v Annucci, 175 AD3d 768, 768 [2019]). Here, that was December 14, 2017, the date that the administrative affirmance was issued and petitioner was notified of the same. Given that petitioner did not commence this proceeding until more than four months later, his challenge to the disciplinary determination is clearly untimely (see Matter of Shields v Prack, 131 AD3d 748 [2015]; Matter of Allen v Goord, 4 AD3d 635, 636 [2004]). Accordingly, Supreme Court properly dismissed that part of the petition challenging such determination.[FN1]
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: After Supreme Court issued the judgment dismissing the petition, petitioner made a pro se application for reargument. Supreme Court denied petitioner's motion. Although respondent addresses it in its brief and petitioner mentions it in his reply brief, the record does not disclose that petitioner filed a notice of appeal with respect to this order. In any event, no appeal lies from the denial of a motion to reargue (see Matter of Vaughan v Goord, 26 AD3d 553, 554 [2006], lv denied 6 NY3d 886 [2006]; Matter of Davis v Goord, 20 AD3d 785, 786 [2005], lv dismissed and denied 5 NY3d 861 [2005]).