People v Vandegrift (2021 NY Slip Op 04254)





People v Vandegrift


2021 NY Slip Op 04254


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

108639
[*1]The People of the State of New York, Respondent,
v
Joshua P. Vandegrift, Appellant.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

John A. Cirando, Syracuse, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (William D. Vandelinder of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered June 24, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In July 2015, after pleading guilty to disseminating indecent material to minors in the second degree, defendant was sentenced to six months in jail, to be followed by 10 years of probation. In January 2016, defendant was charged with violating several terms of his probation. Following a probation violation hearing, County Court found that the People had established a violation, and the court therefore revoked defendant's probation and sentenced him to a prison term of 1 to 3 years.
Defendant appealed, and we agreed with his argument that, under the circumstances presented, County Court did not fulfill its statutory duty to conduct a competency hearing pursuant to CPL 730.30 (4) (170 AD3d 1327, 1328 [2019]). We therefore withheld decision and remitted the matter to County Court for a reconstruction hearing evaluating defendant's mental capacity at the time of his violation of probation hearing (id. at 1329). A reconstruction hearing was held, following which County Court (Baker, J.) found that, if a competency hearing had been held in advance of defendant's probation violation hearing, there would have been a sufficient basis upon which to conclude that he was competent to stand trial. However, following that decision, the County Court of Oswego County (Hafner Jr., J.) issued an order granting certain CPL article 440 motions by defendant, vacating his conviction for disseminating indecent material to minors in the second degree and the sentence imposed thereon, dismissing the underlying superior court information and directing that the matter be sealed pursuant to CPL 160.50. The People agreed to this relief.
As the People concede, given that defendant's conviction for disseminating indecent material to minors in the second degree has been vacated, along with the sentence imposed thereon inclusive of defendant's term of probation, any alleged violation of that probation is necessarily also a nullity (see CPL 160.50 [3] [f]; 160.60; People v Anonymous, 34 NY3d 631, 637-638 [2020]; see e.g. People v O'Brien, 190 AD2d 1097, 1097 [1993]; People v DeFrancesco, 136 AD2d 560, 560 [1988]; People v Bliss, 17 AD2d 767, 767 [1962]).[FN1] Thus, this appeal challenging said violation must be dismissed as moot (see People v Myers, 154 AD3d 1000, 1001 [2017]).
Defendant's appellate counsel urges this Court to vacate County Court's finding of a violation of probation, rather than dismiss this appeal as moot, due to concerns over implications that this violation may have on a sentence being served on an unrelated federal conviction. We certainly appreciate appellate counsel's concern and his zealous advocacy regarding this issue; however, defendant has already been afforded the relief he requests. To that end, County Court vacated defendant's underlying conviction and sentence [*2]and sealed all records pursuant to CPL 160.50. Further, CPL 160.60 provides that, "[u]pon the termination of a criminal action or proceeding against a person in favor of such person, as defined in [CPL 160.50 (2)], the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he [or she] occupied before the arrest and prosecution." Inasmuch as the "status [defendant] occupied before the arrest and prosecution" (CPL 160.60) is that of an individual who has not been found to have violated probation, that violation of probation is a nullity. Finally, the cases cited by defendant in support of his requested relief are inapposite because, in those cases, the defendants were appealing their underlying convictions and requesting that the convictions and sentences be vacated, based upon American Libs. Assn. v Pataki (969 F Supp 160 [SD NY 1997]; see e.g. People v Cepero, 164 AD3d 1465, 1466 [2018]; People v Burgess, 54 AD3d 870, 870 [2008], lv denied 11 NY3d 895 [2008]). Here, defendant's appeal is from the finding of a violation of probation rather than from the conviction for which he was originally sentenced to probation, which County Court has already vacated.
Egan Jr., J.P., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot.



Footnotes

Footnote 1: The maximum expiration date for the prison term imposed for defendant's conviction of disseminating indecent material to minors has long since passed, and this Court has been informed that he is currently serving a sentence for an unrelated federal conviction.