People v Clark (2025 NY Slip Op 03665)

People v Clark

2025 NY Slip Op 03665

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

113478 113721
[*1]The People of the State of New York, Respondent,
v
David Clark, Appellant.

Calendar Date:May 28, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant, and appellant pro se.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Lynch, J.
Appeals (1) from a judgment of the County Court of St. Lawrence County (Gregory Storie, J.), rendered February 23, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court (Craig Carriero, J.), entered August 28, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was indicted and charged with criminal possession of a controlled substance in the second degree and unlawful manufacturing of methamphetamine in the third degree. Defendant ultimately agreed to plead guilty — in full satisfaction of the indictment — to the reduced charge of criminal possession of a controlled substance in the third degree and was given the opportunity to apply for admission to a judicial diversion program. The plea agreement, which required defendant to waive his right to appeal, also apprised him of the sentences that could be imposed depending upon whether he was accepted into and successfully completed — or failed to complete — the judicial diversion program. Defendant pleaded guilty in conformity with the agreement, and the matter was adjourned for sentencing.
Following the denial of defendant's pro se motion to withdraw his plea, as well as his application for admission into a judicial diversion program, County Court (Storie, J.) sentenced defendant, as a second felony offender, to a prison term of six years, to be followed by 1½ years of postrelease supervision. Defendant then moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 raising, as relevant here, certain defects in the grand jury proceeding, and County Court (Carriero, J.) denied defendant's motion without a hearing. Defendant appealed from the judgment of conviction and, by permission, from the order denying his postconviction motion. In response to defendant's motion for an expedited appeal, these appeals were assigned to this Court's May 2025 term.
While such appeals were pending, the People conceded that the integrity of the grand jury proceeding was impaired (see CPL 210.35 [5]), thus warranting dismissal of the indictment. In response, and on April 14, 2025, defendant filed a separate motion to vacate the judgment of conviction pursuant to CPL 440.10 (1) (b). By order entered April 30, 2025, County Court granted defendant's motion, vacated the underlying conviction, dismissed the indictment and ordered defendant's release from custody.[FN1]
There is no dispute that the underlying indictment has been dismissed, the resulting conviction has been vacated and defendant has been released from custody. Inasmuch as defendant has received not only the very relief that he sought from this Court, but also all of the relief to which he is entitled, the underlying appeals are moot (see generally People v Vandegrift, 196 AD3d 832, 833 [3d Dept 2021]; People v Hartwick, 181 AD3d 1098, 1099 [3d [*2]Dept 2020]; People v Price, 113 AD3d 888, 889 [3d Dept 2014]; People v Sparks, 105 AD3d 1073, 1074 [3d Dept 2013], lv denied 21 NY3d 1010 [2013]). Accordingly, and as the exception to the mootness doctrine is inapplicable (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), the appeals are dismissed.
Aarons, J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the appeals are dismissed, as moot.

Footnotes

Footnote 1: Defendant subsequently declined to a sign a stipulation of discontinuance withdrawing these appeals.