Wachtler, J.
This is the second time this case has been before us. On the first appeal, brought by the People, we affirmed an order of the Appellate Division which reversed and remanded for resentencing because the trial court had imposed a fine for a felony without complying with the procedural requirements of section 80.00 of the Penal Law. At the resentencing the court imposed an additional term of imprisonment in lieu of the fine. The primary question on this appeal is whether that disposition is consistent with our prior determination.
In 1969 a Westchester County Grand Jury returned an indictment (No. 734-1969) charging defendants Michael Yannicelli and Anthony Gariola with promoting gambling in the first degree (two counts), possession of gambling records in the first degree (two counts) and related offenses. In 1970 a second indictment (No. 718-1970) was returned charging the defendants and others, with promoting gambling in the first and second degrees and possession of gambling records in the first degree. On October 19, 1971 Yannicelli and Gariola pleaded guilty to two counts: (1) possession of gambling records in the first degree, a class E felony (Penal Law, § 225.30), in satisfaction of the 1969 indictment, and (2) promoting gambling in the first degree, also a class E felony (Penal Law, § 225.10), in satisfaction of the 1970 indictment.
Prior to sentence the court sent letters to both sides indicating that he intended to sentence each defendant to a short period of imprisonment and a fine. On the sentencing date, January 17, 1972, the Chief Assistant District Attorney appeared, objected to the proposed sentences and urged the Trial Judge to disqualify himself from further participation in the case. In the alternative he requested the court to conduct a hearing pursuant to section 80.00 of the Penal Law and CPL 400.30 to determine the amount of the defendant’s gain from *600 the offenses before imposing the fine. He stated that on the two dates the defendants were arrested—apparently together —they were found in possession of several thousand dollars in cash and a considerable number of policy slips and other illegal wagers. He claimed, in fact, that by their pleas of guilty the defendants "are subjecting themselves to over $100,-000 in fines predicated on the gain that can be documented * * * by * * * the proceeds of those two days.”
The court denied the prosecutor’s motions and sentenced the defendants in accordance with his previously expressed intention. Yannicelli was sentenced to three months and a $1,000 fine on one count (Indictment No. 734-1969) and on the other count received an additional but concurrent term of three months (Indictment No. 718-1970). Gariola was sentenced for two months and $250 on one count (Indictment No. 734-1969) and also received an additional, but concurrent, term of two months on the other count (Indictment No. 718-1970).
The People appealed claiming that these sentences, and those of several codefendants,* were illegal (see CPL 450.20, subd 4; 450.30, subd 2). The Appellate Division held that the sentences imposed on Yannicelli and Gariola "were invalid as a matter of law, because of the failure to comply with section 80.00 of the Penal Law, since the sentencing court made no findings as to the amount of the gain of these defendants from the crime.” Thus the sentences were reversed and the cases remanded for resentencing before the Judge who imposed the original sentence (40 AD2d 564).
Both sides appealed to our court. The People urged that the defendants should be resentenced before a different Judge, and the defendants argued that the sentences were legal and should be reinstated. We affirmed, without opinion (33 NY2d 621).
When the defendants appeared for resentence on March 24, 1974, the prosecutor completely abandoned the demand for a hearing or a determination as to the amount of the defendants’ gain. Instead he simply noted that at the original sentencing his office had recommended that the defendants be incarcerated and he "once again” made that recommendation.
Yannicelli objected on the ground that he had already *601 completely served the three months originally imposed, and in fact had done so prior to the Appellate Division’s determination. The Trial Judge conceded that he had been concerned about the double jeopardy implications but had concluded, after some research, that the original sentences were completely invalidated and the defendants could be sentenced "de novo”. He then stated that he had reviewed the latest probation report and "I find here that there is no need for fines. I am not going to impose any fines * * * But I have to consider that the fine which I imposed back on January 17, 1972 is not just an idle act, so I am going to increase Mr. Yannicelli’s time.” The defendant was resentenced on both counts to a period of five months’ imprisonment to run concurrently, with credit for time served.
Gariola’s resentence, which occurred later in the day, followed a similar pattern. The fine was disregarded and he was resentenced on both counts to 75 days’ imprisonment. The sentences were concurrent with credit for the two months he had already served on the original sentences.
The defendants then appealed to the Appellate Division which held that the increased terms of imprisonment violated the double jeopardy clause and the Supreme Court’s holding in North Carolina v Pearce (395 US 711). The order appealed from was modified on the law by reducing the sentences to time served (47 AD2d 911).
The People now appeal to this court claiming that the sentences imposed at the resentencing do not violate the Constitution. We have concluded that we need not reach the constitutional question. In our view the sentences are invalid because the trial court, and the prosecutor, misconstrued the effect of our order on the prior appeal.
Although we affirmed the Appellate Division’s first order, without opinion, it is evident (see, e.g., Town of Somers v Covey, 2 NY2d 250, 256) that we agreed with the Appellate Division that the sentences were invalid in only one respect. The trial court had imposed a fine without first complying with the procedural requirements of section 80.00 of the Penal Law which states: "When the court imposes a fine for a felony the court shall make a finding as to the amount of the defendant’s gain from the crime. If the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue.” That was the only *602 defect the People could establish and it was the only reason why resentencing was ordered.
The defect however did not infect all of the sentences. Although each of the defendants had pleaded guilty to two counts, they had only received a fine on one of those counts (possession of gambling records in the first degree, Indictment No. 734-1969). There was no basis for resentencing them on the other count and the Appellate Division properly restored the sentences originally imposed on the other count (promoting gambling in the first degree, Indictment No. 718-1970).
The defendants then should only have been sentenced on the 1969 count. For their plea of guilty to that charge they had received a definite term of imprisonment, which was lawful (see Penal Law, former § 70.05), and a fine, which was procedurally defective. However since the term of imprisonment was lawful and had been completely served prior to the resentence, the court had no power to alter it by resentencing them to a different, in fact longer, term. This was prohibited by CPL 430.10 which states: "When the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced” (cf. People ex rel. Sedotto v Jackson, 307 NY 291). There are exceptions to this rule (see, e.g., Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 430.10; Pitler, New York Criminal Practice under the CPL, pp 762-763), but none of them are applicable here.
Thus the defendants should be resentenced on the 1969 count but solely in order to correct the defect found on the earlier appeal. In other words the court should determine the amount of their gain, if any, before imposing the fine it may deem appropriate. On this analysis it is unnecessary to consider whether the additional term of imprisonment imposed on resentence constitutes double punishment or otherwise violates the double jeopardy clause.
The order of the Appellate Division should be modified accordingly and remitted to the Appellate Division for determination of the facts in conformity with CPL 470.40 (subd 2, par Pd]).

 The disposition of the appeals relating to those other codefendants is not indicated here since it is not relevant to the present appeal.