■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY K. WATSON, Appellant. [602 NYS2d 471] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Upon his plea of guilty of driving while intoxicated (DWI) as a felony and aggravated unlicensed operation of a motor vehicle in the third degree, defendant was sentenced to an indeterminate term of 1⅓ to 4 years on the felony DWI conviction and a fine of $500 and he was ordered to pay restitution to the Genesee County Sheriff's Department in the amount of $386.03. The plea was in full satisfaction of a pending indictment as well as an uncharged bail jumping charge resulting from defendant's failure to appear in court for arraignment on the indictment.

County Court erred in ordering defendant to pay restitution to reimburse the Sheriff for monies expended to secure defendant's return to New York on the warrant issued for defendant's failure to appear on the DWI charge. No bail jumping charge was ever filed against defendant. Therefore, defendant did not commit an "offense" within the meaning of Penal Law § 60.27 (4) (a) for which restitution could properly be ordered. Furthermore, the Genesee County Sheriff's Department was not a "victim" within the meaning of Penal Law § 60.27 (4) (b). The expenditure of public monies by the Sheriff's Department in returning defendant to the jurisdiction of the court for prosecution was part of its normal law enforcement operating costs. Thus, the Sheriff's Department did not thereby become a "victim" as that term is defined in the restitution statute (see, *People v Rowe,* 152 AD2d 907, 908, *affd* 75 NY2d 948; *People v Purcell,* 161 AD2d 812; *cf., People v Cruz,* 81 NY2d 996).

There is no merit to the People's argument that defendant affirmatively waived his rights as part of his negotiated plea agreement. Although the record establishes that defendant agreed to pay restitution as part of his plea agreement, his agreement is of no moment. A defendant cannot be deemed to have waived his right to be sentenced as provided by law (see, *People v Seaberg,* 74 NY2d 1, 9; *People v Fuller,* 57 NY2d 152,

156; *People v Taylor,* 197 AD2d 858 [decided herewith]). We modify the judgment, therefore, by vacating that part of defendant's sentence ordering defendant to pay restitution. (Appeal from Judgment of Genesee County Court, Morton, J. —Felony Driving While Intoxicated.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.)