■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE A. JOHNSON, Appellant. [617 NYS2d 938] —Mercure, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered August 12, 1993, convicting defendant upon his plea of guilty of the crimes of forgery in the second degree (nine counts), grand larceny in the third degree (six counts), grand larceny in the fourth degree and petit larceny (two counts).

Contrary to the misleading factual analysis of defendant's brief, a review of the plea minutes establishes that defendant entered a counseled plea of guilty to and acknowledged his commission of acts supporting a finding of guilt as to each and every count of the superior court information. Further, defendant did not move to withdraw his plea of guilty or to vacate the judgment of conviction entered thereon, thereby failing to preserve his challenge to the plea allocution for appellate review in any event *(see, People v Hicks,* 201 AD2d 831).

We are also unpersuaded by the argument that County Court incorrectly imposed a single sentence upon defendant's pleas to the 18 separate counts of the superior court information and thereafter impermissibly enhanced the sentence by making provision for restitution. Notably, a court retains authority to correct sentencing errors or to modify a sentence other than a sentence of imprisonment and may modify even a legal sentence of imprisonment prior to defendant's receipt

at the institution designated in the commitment *(see,* CPL 430.10; Penal Law § 70.30 [1]; *People v Minaya,* 54 NY2d 360, 364-365, *cert denied* 455 US 1024; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 430.10, at 400-401). Here, County Court properly sentenced defendant on each separate count upon which he was convicted only seven days following pronouncement of the original sentence and prior to defendant's delivery to the facility designated in the commitment *(see, People v Mohammed,* 126 AD2d 673, *lv denied* 69 NY2d 953). Further, because defendant's victims sought restitution, as detailed in the victim impact statements that were before County Court at the time it imposed sentence, in the absence of a finding that the interests of justice dictated otherwise, County Court was required to order restitution as a part of the sentence *(see,* Penal Law § 60.27 [1]).

Defendant's remaining contentions are either unpreserved or found to lack merit.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Order that the judgment is affirmed.