■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA TAYLOR, Appellant. [662 NYS2d 894] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Livingston County Court for further proceedings in accordance with the following Memorandum: The judgment directing defendant to pay restitution in the sum of $80,758.01 is illegal. Penal Law § 60.27 (1) authorizes the court to direct a defendant to "make restitution of the fruits of [the] offense or reparation for the actual out-of-pocket loss caused thereby." An "offense" includes "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]). A defendant may not be ordered to pay restitution for conduct that does not constitute an offense within the meaning of Penal Law § 60.27 (4) (a) (*see, People v Watson*, 197 AD2d 880).

County Court directed defendant to pay restitution in an amount in excess of the fruits of the offense set forth in the indictment, thereby violating Penal Law § 60.27 (4) (a) (*see, People v Watson, supra*). We therefore modify the judgment by vacating the amount of restitution awarded and remit the matter to Livingston County Court for a hearing to determine the amount pursuant to Penal Law § 60.27 (2) and (4) (a). Defendant further contends and the People concede that the sentence

of restitution must be vacated because the court failed to fix the time and manner for its payment (see, People v Watkins, 155 AD2d 997). We direct the court upon remittal to determine the time and manner for its payment.

Because defendant challenges the legality of the court-imposed sentence, we reject the People's contention that defendant's waiver of the right to appeal encompasses that challenge (see, People v Callahan, 80 NY2d 273, 280-281; People v Francabandera, 33 NY2d 429, 434, n 2).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Livingston County Court, Cicoria, J.—Grand Larceny, 4th Degree.) Present—Green, J. P., Lawton, Wisner, Balio and Boehm, JJ.