THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANASTASIO E. DIOLA, JR., Appellant. [750 NYS2d 716] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered January 4, 2001, convicting defendant upon his plea of guilty of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of restitution ordered and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: We agree with defendant that Supreme Court erred in ordering him to pay restitution in excess of the sum of $12,780. Pursuant to Penal Law § 60.27 (1), a court may order a defendant to "make restitution of the fruits of his or her offense or reparation for the actual out-of-pocket loss caused thereby." An "offense" includes "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by plea of guilty by the defendant to an offense" (§ 60.27 [4] [a]). A defendant may not be ordered to pay restitution for conduct that is not an offense within the meaning of Penal Law § 60.27 (4) (a) (*see People v Taylor,* 242 AD2d 925; *People v Watson,* 197 AD2d 880). Here, the court ordered defendant to pay restitution in an amount in excess of that alleged in the indictment and to a victim not mentioned in the indictment, in addition to the victim mentioned therein. Nor was the offense from which the restitution in excess of the amount of $12,780 "part of the same criminal transaction or * * * contained in any other accusatory instrument disposed of by plea of guilty by the defendant to the offense" (§ 60.27 [4] [a]). We therefore modify the judgment by vacating the amount of restitution ordered, and we remit the matter to Supreme Court, Onondaga County, for a hearing to determine the proper amount of restitution (*see Taylor,* 242 AD2d at 925). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.