■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARPENTER, Appellant. [796 NYS2d 730]—

Mercure, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 29, 2002, convicting defendant upon his plea of guilty of the crimes of rape in the first degree (two counts), sodomy in the first degree (four counts), aggravated sexual abuse in the second degree (two counts), and use of a child in a sexual performance (three counts), and (2) by permission, from an order of said court, entered August 6, 2003, which partially denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, after a hearing.

Defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) that alleged 12 counts arising from sex crimes perpetrated against two young victims between January 1995 and March 2001. The People and defendant negotiated a prison sentence of not less than 30 years and not more than 40 years. County Court imposed a 40-year determinate sentence, which was achieved by sentencing defendant to consecutive determinate terms of 25 years and 15 years on counts 1 and 8 of the SCI respectively, with the 10 remaining determinate and indeterminate sentences to run concurrently. Defendant began to serve his sentences, and then moved pursuant to CPL 440.20 to vacate the determinate sentences imposed on counts 1 through 3 and 5 through 8, contending that they were illegal because the law in effect at the time those crimes were committed authorized only indeterminate sentences. The People joined defendant's request for resentencing. County Court vacated all of the previously imposed sentences and resentenced defendant to an aggregate indeterminate term of

36 to 40 years. This was achieved by reducing the previously imposed determinate term of 25 years on count 5 to an indeterminate term of 4 to 8 years, and running it consecutively to determinate, consecutive terms of 25 years and seven years imposed in connection with counts 9 and 10, respectively. Defendant appeals from the judgment of conviction and order of resentencing, and we now modify.

The primary issue before us is whether County Court had the authority to modify the validly imposed determinate concurrent sentences of 25 years and seven years on counts 9 and 10, respectively, to run consecutively. At the threshold, we note that defendant's challenge to the legality of his sentence survives his waiver of appeal (*see People v Seaberg*, 74 NY2d 1, 9 [1989]; *People v Francabandera*, 33 NY2d 429, 434 n 2 [1974]). Turning to the merits, after a defendant has begun serving a sentence of incarceration, a court has the power to correct an illegal sentence (*see* CPL 430.10; *People v DeValle*, 94 NY2d 870, 871 [2000]; *People v Williams*, 87 NY2d 1014, 1015 [1996]) or a sentence that was imposed based on an inadvertent error or misstatement that creates an ambiguity in the record (*see People v Richardson*, 100 NY2d 847, 853 [2003]; *People v Minaya*, 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982]). A court may not, however, alter a validly imposed sentence once it is being served (*cf.* CPL 430.10; *see People v Yannicelli*, 40 NY2d 598, 602 [1976]). Where there are severable parts of an aggregate sentence, only those parts of the sentence that are invalid may be modified, and the valid parts of the sentence must be allowed to stand (*see People v Yannicelli, supra* at 601-602). Moreover, if previously imposed valid sentences were directed to run concurrently, the court lacks the authority to change them to consecutive sentences, even if the duration of those sentences remains the same (*see People v Romain*, 288 AD2d 242, 243 [2001], *lv denied* 98 NY2d 640 [2002]; *People v Remelt*, 269 AD2d 815, 816 [2000], *lv denied* 95 NY2d 870 [2000]).

Here, defendant was initially sentenced to valid determinate sentences on counts 9 and 10, to run concurrently with each other and all other sentences. It is apparent that these sentences were not imposed in error, but were consistent with the expressed intent of the sentencing court (*compare People v Minaya, supra*). Once defendant began serving his sentence, County Court lacked the authority to alter the sentences on these counts to run consecutively. The fact that the overall sentence structure was revised to permit a legal sentence that came as close as possible to the agreed-upon sentence of 40 years does not alter our conclusion. Manifestly, a defendant can

agree to a plea deal, but that assent does not invest the court with authority it otherwise lacks (*cf. People v DeValle, supra* at 871). The sentences initially imposed on counts 9 and 10 of the SCI were in accordance with law and defendant had begun to serve those sentences. Thus, County Court's modification of the sentences on counts 9 and 10 must be reversed.

To the extent that defendant contends that County Court exceeded its authority by altering the sentence on count 5, changing it from a concurrent to a consecutive sentence, the argument lacks merit. The original sentence on count 5 was vacated because it was illegal, and we find no authority or compelling contention that County Court could not impose a consecutive term upon resentencing on that count (*cf. People v Rogner*, 285 AD2d 749 [2001], *lv denied* 96 NY2d 941 [2001]). For the same reasons, we conclude that it was not illegal upon resentencing to change the sentences imposed on counts 1 and 8 from consecutive to concurrent terms.

Defendant's double jeopardy claim is similarly lacking in merit, because the maximum term of the final aggregate sentence was not increased beyond his legitimate expectations of what the term would be (*see People v Williams*, 87 NY2d 1014, 1015 [1996]). Defendant's remaining arguments are either meritless or need not be addressed.

In sum, County Court's order must be modified by reversing so much thereof as directed that the sentences imposed in connection with counts 9 and 10 of the SCI shall run consecutively. Accordingly, all prison terms, except the indeterminate term imposed with respect to count 5, run concurrently to all other counts, rendering defendant subject to an aggregate indeterminate sentence of 29 to 33 years.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the appeal from the judgment is dismissed. Ordered that the order is modified, on the law, by reversing so much thereof as directed the sentences on counts 9 and 10 of the superior court information to run consecutively; said sentences to run concurrently; and, as so modified, affirmed.