■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED KADRY, Appellant. [880 NYS2d 694]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Collini, J.), imposed July 19, 2007, upon his conviction of conspiracy in the second degree (two counts) and criminal solicitation in the second degree (two counts), upon a jury verdict, the resentence being indeterminate terms of 8 to 24 years' imprisonment on each count of conspiracy in the second degree and 1 to 3 years' imprisonment on each count of criminal solicitation, all terms to run concurrently.

Ordered that the resentence is modified, on the law, by reducing the term of imprisonment imposed upon each conviction of conspiracy in the second degree from an indeterminate term of 8 to 24 years' imprisonment to an indeterminate term of 5 to 15 years' imprisonment; as so modified, the resentence is affirmed.

When the Supreme Court originally sentenced the defendant, it imposed a term of 5 to 15 years' imprisonment on each of two counts of conspiracy in the second degree, and directed that the terms run consecutively. The defendant subsequently moved, pursuant to CPL 440.20, to set aside the sentences as violative of Penal Law § 70.25. The People conceded the illegality of the original sentences, and the Supreme Court granted the defendant's motion to set aside the sentences. The court resentenced the defendant, inter alia, to concurrent terms of 8 to 24 years' imprisonment on the conspiracy counts.

A court may not alter a validly imposed sentence once it has commenced (see CPL 430.10; People v Vaughan, 62 AD3d 122 [2009]; People v Romain, 288 AD2d 242, 243 [2001]). The term of 5 to 15 years' imprisonment originally imposed upon each count of conspiracy in the second degree, a class B felony, was lawful (see Penal Law § 70.00 [2] [b]; [3]). The only defect in the sentence was in directing that those prison terms run consecutively. "Once that illegality was successfully challenged by the defendant in his motion pursuant to CPL 440.20, there was no other defect to rectify" (People v Romain, 288 AD2d at 243; see People v Yannicelli, 40 NY2d 598 [1976]). Thus, the Supreme Court lacked any statutory or inherent authority to modify the defendant's already-commenced legal sentence by increasing the term of imprisonment imposed upon each count of conspiracy in the second degree from 5 to 15 years to 8 to 24 years. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.