Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  October 30, 2014                    106084
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                   MEMORANDUM AND ORDER

SHAWN ROBERTS, Also Known as
    JAY,
                        Appellant.
_____

Calendar Date:  September 3, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

                    _____


        Matthew C. Hug, Troy, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

                    _____


Rose, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered August 8, 2013 in Albany County, which resentenced
defendant following his conviction of the crimes of criminal sale
of a controlled substance in the third degree (three counts),
assault in the second degree and tampering with a witness in the
third degree.

        Pursuant to a 2003 plea agreement, defendant pleaded guilty
in County Court (Herrick, J.) to an indictment charging him with
criminal possession of a controlled substance in the fifth degree
and a superior court information charging him with attempted
criminal possession of a weapon in the third degree.  In 2008,
defendant was convicted in Supreme Court of three counts of

criminal sale of a controlled substance in the third degree, assault in the second degree and tampering with a witness in the third degree. When defendant was originally sentenced for the 2008 convictions, Supreme Court determined that his 2003 weapons possession conviction constituted a predicate violent felony and, as such, he was sentenced as a second felony offender to a prison term of seven years to be followed by five years of postrelease supervision on the assault conviction, a prison term of 2 to 4 years on the tampering conviction, and a prison term of 10 years to be followed by three years of postrelease supervision on each of the drug sale convictions, with the drug sale convictions to run consecutively to each other and to the assault convictions. Upon appeal, this Court modified the judgment of conviction by reducing the prison term imposed on each of the drug sale convictions to six years (80 AD3d 787 [2011], lvs denied 16 NY3d 860, 862 [2011]).

Defendant thereafter successfully moved, pursuant to CPL 440.20, to vacate the sentence imposed upon his 2003 weapons possession conviction on the ground that it did not qualify as a violent felony (see CPL 220.20 [1]; Penal Law § 70.02 [1] [d]; People v Dickerson, 85 NY2d 870, 871-872 [1995]). County Court granted the motion to the extent of resentencing defendant upon that conviction, and took no action with regard to the contemporaneous drug possession conviction and sentence. Defendant did not appeal County Court's judgment and, instead, moved in Supreme Court to vacate the sentence imposed upon the 2008 convictions, arguing that it could not stand because a lawful sentence for the 2003 conviction had not been imposed until after the crimes that resulted in the 2008 judgment of conviction had been committed (see Penal Law § 70.06 [1] [b] [ii]; People v Boyer, 19 AD3d 804, 806 [2005], lv denied 5 NY3d 804 [2005]). The People argued that while defendant was correct as far as the 2003 weapons possession conviction was concerned, the 2003 drug possession conviction and sentence had not been disturbed and could serve as a predicate for second felony offender treatment. Supreme Court agreed, found defendant to be a second felony offender and resentenced him in a manner largely as it had initially, with the exception of imposing a prison term of five years to be followed by three years of postrelease supervision upon each of the drug sale convictions and directing

that all sentences run consecutively.  Defendant now appeals.

We affirm.  A conviction is defined as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument . . ., or to one or more counts of such instrument (CPL 1.20 [13]).  Inasmuch as the 2003 drug possession conviction stemmed from a different accusatory instrument than that which resulted in the weapons possession conviction, the two formed separate judgments of conviction (see CPL 1.20 [13]-[15]).  There being no defect in the sentence upon the drug possession conviction and defendant having already served the sentence, County Court lacked the "power to alter it by resentencing" defendant and properly declined to do so (People v Yannicelli, 40 NY2d 598, 602 [1976]; see CPL 430.10; People v Carpenter, 19 AD3d 730, 731 [2005], lv denied 5 NY3d 804 [2005]).[1]  Accordingly, we find no error in Supreme Court's conclusion that the 2003 drug possession conviction constituted a predicate felony conviction for the purpose of defendant's resentence upon the 2008 convictions (see Penal Law § 70.06 [1] [b]).

Defendant's remaining challenges are similarly unavailing.  The witness tampering and assault offenses for which defendant was convicted require acts that do not overlap; namely, the former stems from defendant's efforts to frighten the victim with harm to discourage him from testifying, while the latter stems specifically from an attack upon the victim with a hot grill fork.  Supreme Court was accordingly free to direct that the sentences for these offenses run consecutively, notwithstanding that they occurred as part of a continuous course of activity (see Penal Law § 70.25 [2]; People v Frazier, 16 NY3d 36, 40-41 [2010]; People v Brown, 80 NY2d 361, 365 [1992]; cf. People v Amato, 1 AD3d 713, 716 [2003], lv denied 1 NY3d 594 [2004]).  Finally, given the nature of the crimes committed and defendant's

_____

[1] At oral argument, defendant claimed that County Court was required to resentence him for both 2003 convictions in order to preserve the benefit of his bargain (see e.g. People v Price, 113 AD3d 883, 885 [2014]).  However, County Court rejected his request to be resentenced on both convictions, and he did not appeal.  Nor did he raise this argument before Supreme Court.

criminal history, we do not perceive any abuse of discretion or extraordinary circumstances that would warrant modification of the resentence.

Peters, P.J., Lahtinen, Garry and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court