# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1399**
**KA 12-00900**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

KURT MOORE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 6, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the postsentence restitution order and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant challenges County Court's imposition of restitution. Initially, we note that, although an order of restitution is not as a general rule appealable (*see* CPL 450.10; *People v Fricchione*, 43 AD3d 410, 411), "we deem the postsentence restitution order[] here to be [an] amendment[] to the judgment of conviction, [and thus] our review of such order[] is appropriate" upon defendant's appeal from the judgment of conviction (*People v Naumowicz*, 76 AD3d 747, 749 n 1). Furthermore, as the People correctly concede, defendant's contention that the court had no authority to impose restitution under these circumstances is a challenge to the legality of the sentence, and thus survives his waiver of the right to appeal (*see People v Taylor*, 242 AD2d 925, 926).

With respect to the merits, as the People again correctly concede, the court erred in imposing restitution arising from a charge of criminal possession of a forged instrument because that charge was not contained in the indictment, nor was it related to an offense that was "part of the same criminal transaction or . . . contained in any other accusatory instrument disposed of by" defendant's plea of guilty to the offense on appeal (Penal Law § 60.27 [4] [a]; *see People v*

*Diola*, 299 AD2d 962, 962, *lv denied* 99 NY2d 581; *cf. People v Brady*, 59 AD3d 748, 749).  We therefore modify the judgment by vacating the order of restitution.