People v Schmiege (2019 NY Slip Op 03489)





People v Schmiege


2019 NY Slip Op 03489


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


275 KA 18-00520

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN E. SCHMIEGE, DEFENDANT-APPELLANT. 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 16, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). Defendant validly waived his right to appeal (see People v Johnson, 169 AD3d 1480, 1481 [4th Dept 2019], lv denied — NY3d — [Mar. 27, 2019]; People v Link, 166 AD3d 1581, 1581 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]), and that waiver forecloses his challenge to the severity of both the incarceration and restitution components of his sentence (see Johnson, 169 AD3d at 1481; People v Kesick, 119 AD3d 1371, 1372 [4th Dept 2014]; see generally People v Allen, 82 NY2d 761, 763 [1993]).
Defendant's further contention that Supreme Court violated CPL 430.10 by imposing restitution after the conclusion of the sentencing hearing implicates the legality of his sentence and thus survives his valid appeal waiver (see People v Moore, 124 AD3d 1386, 1387 [4th Dept 2015]; People v Carpenter, 19 AD3d 730, 731 [3d Dept 2005], lv denied 5 NY3d 804 [2005]; see generally People v Campbell, 97 NY2d 532, 535 [2002]). Nevertheless, that contention lacks merit because CPL 430.10 applies only to the incarceration component of a sentence, not to the restitution component (see Matter of Pirro v Angiolillo, 89 NY2d 351, 356 [1996]; People v Johnson, 208 AD2d 1175, 1175-1176 [3d Dept 1994], lv denied 85 NY2d 910 [1995]). Indeed, it is well established that a court may impose restitution within a reasonable time after the sentencing hearing if, as here, the People announce their intent to seek restitution during that hearing (see People v Swiatowy, 280 AD2d 71, 73 [4th Dept 2001], lv denied 96 NY2d 868 [2001]).
Finally, defendant argues that the court violated the plea bargain by imposing $3,700 in restitution instead of the $1,850 mentioned during the plea colloquy. Although that argument survives defendant's valid appeal waiver (see People v Copes, 145 AD3d 1639, 1639 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]), it is nevertheless unpreserved for appellate review (see People v Wilson, 289 AD2d 1088, 1088 [4th Dept 2001], lv denied 98 NY2d 656 [2002]; see generally People v Williams, 27 NY3d 212, 219-225 [2016]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Hoke, 167 AD3d 1549, 1550 [4th Dept 2018], lv denied — NY3d — [Mar. 26, 2019]; Wilson, 289 AD2d at 1088).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court