People v Lamagna (2019 NY Slip Op 04849)





People v Lamagna


2019 NY Slip Op 04849


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


671 KA 17-00975

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHON J. LAMAGNA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered February 14, 2017. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and coercion in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the sentence ordering restitution and as modified the judgment is affirmed and the matter is remitted to Genesee County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [1]) and coercion in the second degree (§ 135.60 [1]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The record establishes that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]), and " did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea' " (People v Mills, 151 AD3d 1744, 1745 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]; see People v Tabb, 81 AD3d 1322, 1322 [4th Dept 2011], lv denied 16 NY3d 900 [2011]). We reject defendant's contention that the waiver is invalid because the court omitted certain rights when explaining the rights that are not subject to the waiver of the right to appeal. It is well settled that a "court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (People v Lopez, 6 NY3d 248, 256 [2006]). Furthermore, we have frequently stated that "[a]ny nonwaivable issues purportedly encompassed by the waiver are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable' " (People v Neal, 56 AD3d 1211, 1211 [4th Dept 2008], lv denied 12 NY3d 761 [2009]; see People v Weatherbee, 147 AD3d 1526, 1526 [4th Dept 2017], lv denied 29 NY3d 1038 [2017]), and defendant does not contend that any of the unstated nonwaivable rights apply to this case. We have considered defendant's further contentions concerning the waiver of the right to appeal and conclude that they lack merit.
The valid waiver of the right to appeal with respect to both the conviction and sentence forecloses defendant's challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256; cf. People v Maracle, 19 NY3d 925, 928 [2012]), and to the "court's discretionary decision to deny youthful offender status" (People v Pacherille, 25 NY3d 1021, 1024 [2015]; see People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]).
Defendant's valid waiver of the right to appeal forecloses any challenge to the amount of restitution (see People v Schmiege, — AD3d &mdash, &mdash, 2019 NY Slip Op 03489, *1 [4th Dept 2019]), and defendant failed to preserve any challenge to that amount for our review. Nevertheless, as the People correctly concede, there is merit to defendant's contention that the restitution component of his sentence must be vacated because the court failed to direct the [*2]manner of payment, in violation of CPL 420.10 (1). Defendant's contention is a challenge to the legality of the sentence and thus survives his waiver of the right to appeal (see People v Boatman, 110 AD3d 1463, 1463-1464 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]; see also People v Stachnik, 101 AD3d 1590, 1592 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]) and, based upon "the essential nature of the right to be sentenced as provided by law," we review that contention notwithstanding defendant's failure to raise it at sentencing (Boatman, 110 AD3d at 1464 [internal quotation marks omitted]). Although we affirm the amount of restitution ordered by the court, we modify the judgment by vacating that part of the sentence ordering restitution (see People v Fuller, 57 NY2d 152, 156 [1982]; People v Watkins, 155 AD2d 997, 998 [4th Dept 1989]), and we remit the matter to County Court to fix the manner in which the restitution is to be paid.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court