People v Schmiege (2019 NY Slip Op 05278)





People v Schmiege


2019 NY Slip Op 05278


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


270 KA 18-00522

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN E. SCHMIEGE, DEFENDANT-APPELLANT. 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 16, 2017. The judgment convicted defendant, upon his plea of guilty, of auto stripping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of auto stripping in the second degree (Penal Law § 165.10 [2]). Defendant validly waived his right to appeal (see People v Johnson, 169 AD3d 1480, 1481 [4th Dept 2019], lv denied 33 NY3d 949 [2019]; People v Link, 166 AD3d 1581, 1581 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]), and that waiver forecloses his challenge to the severity of both the incarceration and restitution components of his sentence (see Johnson, 169 AD3d at 1481; People v Kesick, 119 AD3d 1371, 1372 [4th Dept 2014]; see generally People v Allen, 82 NY2d 761, 763 [1993]).
Defendant's further contention that Supreme Court violated CPL 430.10 by imposing restitution after the conclusion of the sentencing hearing implicates the legality of his sentence and thus survives his valid waiver of the right to appeal (see People v Moore, 124 AD3d 1386, 1387 [4th Dept 2015]; People v Carpenter, 19 AD3d 730, 731 [3d Dept 2005], lv denied 5 NY3d 804 [2005]; see generally People v Campbell, 97 NY2d 532, 535 [2002]). Nevertheless, that contention lacks merit because CPL 430.10 applies only to the incarceration component of a sentence, not to the restitution component (see Matter of Pirro v Angiolillo, 89 NY2d 351, 356 [1996]; People v Johnson, 208 AD2d 1175, 1175-1176 [3d Dept 1994], lv denied 85 NY2d 910 [1995]). Indeed, it is well established that a court may impose restitution within a reasonable time after the sentencing hearing if, as here, the People announce their intent to seek restitution during that hearing (see People v Swiatowy, 280 AD2d 71, 73 [4th Dept 2001], lv denied 96 NY2d 868 [2001]).
Defendant next contends that his plea was involuntary because the court failed to inform him of a purportedly direct consequence thereof, i.e., the fact that a guilty plea would constitute a violation of his probation in another case. Although that contention survives defendant's valid waiver of the right to appeal (see generally People v Empey, 144 AD3d 1201, 1203 [3d Dept 2016], lv denied 28 NY3d 1144 [2017]), it is without merit because the plea's effect on defendant's probationary status in another case is merely a collateral consequence of his conviction in this case (see People v Monk, 21 NY3d 27, 32-33 [2013]).
Finally, defendant contends that the court lacked jurisdiction due to the alleged failure to comply with CPL 210.10. Even assuming, arguendo, that defendant's contention survives his valid waiver of the right to appeal and does not require preservation, we conclude that it is without merit (see People v King, 163 AD3d 1352, 1352 [3d Dept 2018], lv denied 32 NY3d 1206 [2019]; see also People v Luckerson, 135 AD3d 1186, 1187 [3d Dept 2016]). We note, [*2]however, that the uniform sentence and commitment form incorrectly indicates that the court awarded restitution in the amount of $8,859.31, and it must therefore be amended to reflect the correct amount of $8,895.31 (see People v Abuhamra, 107 AD3d 1630, 1631-1632 [4th Dept 2013], lv denied 22 NY3d 1038 [2013]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court