People v Munford (2019 NY Slip Op 05331)





People v Munford


2019 NY Slip Op 05331


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


1276/04 9792 4295/04 9791

[*1]The People of the State of New York, Respondent,
v
Curtis Munford, Defendant-Appellant.


Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about December 6, 2017, which denied in part defendant's CPL 440.20 motion to set aside his sentence; and judgment of resentence, same court and Justice, rendered January 11, 2018, resentencing defendant, as a second violent felony offender, upon his convictions of robbery in the first degree (two counts), robbery in the second degree (five counts) and grand larceny in the second degree, to an aggregate term of 35 years, unanimously affirmed.
The court properly resentenced defendant by ordering that the 25-year sentence on count one (first-degree robbery based on the taking of a security guard's pistol) would run consecutively to a 10-year sentence on count four (second-degree robbery based on the taking of jewelry in the same incident), and ordering that the 25-year sentence on count two (first-degree robbery based on the taking of the jewelry) would run consecutively to a 10-year sentence on count three (second-degree robbery based on the taking of the pistol). As both parties agree, the resentencing court had properly vacated the sentencing court's directive that the sentence on count three run consecutively to that on count one, and the sentence on count four consecutively to that on count two. Counts one and three were both based on the same act of taking the pistol and thus, the sentences must run concurrently; similarly, counts two and four were based on the same act of taking the jewelry and thus, those sentences must run concurrently (Penal Law § § 70.25[2]). The resentencing court also had properly left untouched the lawful imposition of concurrent sentences on counts one and two, and lesser concurrent sentences on all of the remaining counts (while also making a correction, which is not at issue, in an unlawful sentence on the grand larceny count), for an aggregate sentence of 35 years (see Penal Law § 70.25[1]; People v Yannicelli, 40 NY2d 598, 601-02 [1976]; People v Carpenter, 19 AD3d 730, 731 [3d Dept 2005], lv denied 5 NY3d 804 [2005]).
Defendant's challenges to the legality of his sentence are unavailing (see People v Jeanty, 268 AD2d 675, 680 [3d Dept 2000], lv denied 94 NY2d 949 [2000]). When, as noted, the court made the sentences in each group, relating to a particular act of either taking a pistol or jewelry, run concurrently within the group, but left intact the consecutive sentences for the two groups, this was neither illogical nor inconsistent with the court's own order on the CPL 440.20 motion. As in Jeanty, "at least one sentence in each group was properly made consecutive to at least one sentence in the following group and, thus, the aggregate sentence is unaffected" (268 AD2d at 680). We have considered and rejected defendant's remaining arguments on this issue.
Defendant's resentencing was solely for the purpose of correcting the illegal aspect of the structure of his sentence, and was not a plenary resentencing requiring the exercise of sentencing discretion. Therefore, we may not reduce it in the interest of justice (see People v Lingle, 16 [*2]NY3d 621, 635 [2011]). In any event, as we held on defendant's direct appeal (49 AD3d 444, 446 [1st Dept 2008], lv denied 10 NY3d 937 [2008]), we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK