People v Minchala (2021 NY Slip Op 02826)





People v Minchala


2021 NY Slip Op 02826


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
PAUL WOOTEN, JJ.


2019-07238
 (Ind. No. 2660/16)

[*1]The People of the State of New York, respondent,
v
Luis Minchala, appellant.


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, Roni C. Piplani, and Peter R. Isham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered June 5, 2019, as amended June 28, 2019, convicting him of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively, and by vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the convictions of attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree under Penal Law § 160.15(1), and attempted assault in the second degree.
On October 29, 2016, the complainant was stabbed multiple times, by multiple rival gang members who were out "mobbing," or searching for members of the complainant's gang to physically harm. According to the trial testimony of the physician who treated the complainant upon the complainant's arrival at a hospital emergency room, the complainant sustained multiple lacerations and wounds to his neck, head, chest, and abdomen, none of which affected his internal organs, and which were treated with sutures. The physician further testified that the complainant suffered a diminished grip strength in his left hand on the day of the incident. During his trial testimony, the complainant described numbness in his left arm that persisted "for a while" after the attack. One of the assailants also took the complainant's cane during the attack. Following a jury trial, the defendant was convicted of gang assault in the first degree, assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree.
The defendant challenges his convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree, asserting that the People failed to present legally sufficient evidence that the complainant suffered a "serious physical injury" (Penal Law § 10.00[10]). While the defendant's contention is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d [*2]620), we find that the evidence was not legally sufficient to establish the defendant's guilt on these counts. Although the complainant was stabbed multiple times, there was no evidence of serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ (see People v Stewart, 18 NY3d 831; People v Mazariego, 117 AD3d 1082; People v Daniels, 97 AD3d 845; People v Tucker, 91 AD3d 1030; People v Adames, 52 AD3d 617; People v Castillo, 199 AD2d 276).
However, contrary to the defendant's contentions, the evidence was legally sufficient to prove his guilt of the other elements of the crimes of which he was convicted based upon an acting-in-concert theory, as the evidence supports a reasonable inference that, acting as a gang leader, he authorized the attack on the complainant and shared an intent, along with the assailant who took the complainant's cane, to rob the complainant (see Penal Law § 20.00; People v Beniquez, 176 AD3d 406; People v Mendez, 34 AD3d 697). The evidence at trial also established beyond a reasonable doubt that the defendant acted with the intent to inflict serious physical injury and came "dangerously near" to committing the completed crime (People v Calas, 134 AD3d 1043, 1045 [internal quotation marks omitted]; see Penal Law § 110.00). Accordingly, we modify the judgment by reducing the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively, and remit the matter to the Supreme Court, Queens County, for sentencing.
The defendant was not deprived of the right to a fair trial when the Supreme Court permitted a police detective who was not a witness to the crimes to testify that he believed the defendant to be an individual depicted in a surveillance video, as there was some basis for concluding that the detective was more likely than the jury to correctly identify the defendant in the video (see People v Thomas, 139 AD3d 764, 765; People v Montanez, 135 AD3d 528, 528).
AUSTIN, J.P., LASALLE, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court