People v Minchala (2023 NY Slip Op 05153)

People v Minchala

2023 NY Slip Op 05153

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-04909
 (Ind. No. 2660/16)

[*1]The People of the State of New York, respondent,
v
Luis Minchala, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY (Emily Stein of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Joseph M. DiPietro of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Stephanie Zaro, J.), imposed June 14, 2021, after remittitur from this Court for resentencing (see People v Minchala, 194 AD3d 754) after his convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree were reduced to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively.
ORDERED that the resentence is affirmed.
This matter was remitted for resentencing after this Court reduced the defendant's convictions of gang assault in the first degree, assault in the first degree, robbery in the first degree under Penal Law § 160.15(1), and assault in the second degree to attempted gang assault in the first degree, attempted assault in the first degree, attempted robbery in the first degree, and attempted assault in the second degree, respectively, upon the determination that the evidence was not legally sufficient to determine that the complainant suffered a "serious physical injury" (see People v Minchala, 194 AD3d 754, 755). This Court affirmed, inter alia, the defendant's conviction of robbery in the first degree under Penal Law § 160.15(3), and the sentence imposed thereupon (see People v Minchala, 194 AD3d at 755). Upon remittitur, the Supreme Court resentenced the defendant on the four reduced convictions, but denied the defendant's request to reduce the sentence imposed on his conviction of robbery in the first degree under Penal Law § 160.15(3). The defendant appeals.
"Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (CPL 430.10). Once a defect in sentencing has been rectified, the Supreme Court lacks statutory authority to modify an already-commenced legal sentence (see People v Yannicelli, 40 NY2d 598, 602; People v Kadry, 63 AD3d 856, 857). Here, contrary to the defendant's contention, the court correctly determined that it lacked any statutory or inherent authority to modify the defendant's already-commenced legal sentence on his conviction of robbery in the first degree under Penal Law § [*2]160.15(3).
The defendant's contention that his sentence on his conviction of robbery in the first degree under Penal Law § 160.15(3) was excessive is not properly before this Court (see People v Martinez, 194 AD2d 741, 742).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court