People v Anderson (2024 NY Slip Op 05250)

People v Anderson

2024 NY Slip Op 05250

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CR-23-0242
[*1]The People of the State of New York, Respondent,
v
Guy Anderson, Appellant.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Matthew C. Hug, Albany, for appellant.
Letitia James, Attorney General, New York City (Jalina J. Hudson of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J), rendered December 8, 2022, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree.
After an investigation by the Attorney General's Organized Crime Task Force, defendant was arrested in connection with an alleged conspiracy to possess and sell cocaine and heroin in New York and Vermont, and charged with his codefendants in a 261-count indictment with various crimes related to the criminal sale and possession of controlled substances (149 AD3d 1407, 1407 [3d Dept 2017], lv denied 30 NY3d 947 [2017]). Following a joint jury trial, defendant was convicted of 15 crimes (id. at 1407-1408). He was thereafter sentenced — as a persistent felony offender on the conspiracy charge and a second felony offender previously convicted of a violent felony with respect to the remaining charges — to an aggregate prison term of 165 years to life (id. at 1408). On direct appeal, this Court upheld defendant's convictions but modified the judgment, as a matter of discretion in the interest of justice, by reducing defendant's sentence to an aggregate prison term of 55 years to life (id. at 1416).[FN1]
Defendant then filed a pro se motion and later supplemented it with a counseled motion, seeking, as relevant here, to vacate his sentences pursuant to CPL 440.20 upon the ground that the sentences of five years in prison for his convictions of two counts of criminal sale of a controlled substance in the third degree and a single count of criminal possession of a controlled substance in the third degree were unlawfully lenient and that, as a consequence, he should be resentenced de novo on all counts of which he was convicted. The People agreed that defendant's five-year sentences for the three counts in question were illegal, as they were below the required six-year minimum (see Penal Law § 70.70 [4] [b] [i]). The People argued, however, that County Court's authority was limited to correcting the three illegal prison terms and that, under CPL 430.10, the court was not permitted to resentence defendant on the remaining counts for which he was lawfully sentenced.
At a subsequent court appearance, County Court ruled from the bench that it could only resentence defendant on the three counts for which he received illegal sentences and then imposed sentences of six years in prison, to be followed by three years of postrelease supervision, on each of those counts. The court directed each of those six-year sentences to run consecutively to one another and consecutively to all other sentences, resulting in an aggregate term of imprisonment of 58 years to life. Defendant appeals.
Although a court possesses the authority to correct an unlawful sentence after a defendant has started serving the time in prison (see People v DeValle, 94 NY2d 870, 871 [[*2]2000]; People v Williams, 87 NY2d 1014, 1015 [1996]; People v Carpenter, 19 AD3d 730, 731 [3d Dept 2005], lv denied 5 NY3d 804 [2005]), a "court may not . . . alter a validly imposed sentence once it is being served" (People v Carpenter, 19 AD3d at 731; see CPL 430.10; People v Yannicelli, 40 NY2d 598, 602 [1976]; People v Minchala, 220 AD3d 810, 810-811 [2d Dept 2023]; People v Kadry, 63 AD3d 856, 857 [2d Dept 2009], appeal dismissed 13 NY3d 903 [2009]). "Where there are severable parts of an aggregate sentence, only those parts of the sentence that are invalid may be modified, and the valid parts of the sentence must be allowed to stand" (People v Carpenter, 19 AD3d at 731, citing People v Yannicelli, 40 NY2d at 601-602).
Here, contrary to defendant's contention, County Court properly determined that it lacked any statutory or inherent authority to modify that portion of defendant's sentence that was lawful and that had already commenced. The court corrected the sentencing error that was identified by imposing the statutory minimum of six years for each of the three at-issue counts. At that point, "[o]nce th[e] illegality was successfully challenged by . . . defendant in his motion pursuant to CPL 440.20, there was no other defect [for the court] to rectify" (People v Kadry, 63 AD3d at 857 [internal quotation marks and citation omitted]; see People v Yannicelli, 40 NY2d at 601-602; People v Minchala, 220 AD3d at 811; People v Roberts, 121 AD3d 1433, 1434-1435 [3d Dept 2014], lv denied 24 NY3d 1221 [2015]; People v Carpenter, 19 AD3d at 731-732).
With that said, we are mindful that defendant's new aggregate sentence of 58 years to life in prison would result in an additional three years beyond that which this Court previously held was an appropriate term. Bearing that in mind, and noting that the People do not object to a further reduction of defendant's sentences by this Court, we elect to exercise our interest of justice jurisdiction to reduce defendant's sentence as follows. Defendant's sentences on the subject convictions for criminal sale of a controlled substance in the third degree (counts 169 and 185) and criminal possession of a controlled substance in the third degree (count 181) shall run concurrently to one another and consecutively to all other previously imposed sentences, resulting in an aggregate prison term of 46 years to life.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by resentencing defendant as directed herein to an aggregate prison term of 46 years to life, and, as so modified, affirmed.

Footnotes

Footnote 1: In reducing defendant's sentence, this Court adjusted how each of the sentences ran in relation to each other, rather than by altering the prison time imposed for any of the counts for which defendant was convicted (149 AD3d at 1416).